IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA WALL, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ETHICON, INC. d/b/a )<br>ETHICON WOMEN'S HEALTH & UROLOGY, )<br>DR. ELISABETH G. BEYER-NOLEN, )<br>HEARTLAND WOMEN'S HEALTHCARE, LTD., and )<br>MARION HOSPITAL CORPORATION d/b/a )<br>HEARTLAND REGIONAL MEDICAL CENTER, )<br>)<br>    Defendants. ) | No. 10-cv-376-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Rebecca Wall's motion to remand this case to the Circuit Court for the First Judicial Circuit, Williamson County, Illinois (Doc. 30). Defendant Ethicon, Inc. does not object to the remand (Doc. 43), and no other party has responded to the motion.

This case arose after Wall was implanted with a Gynecare Prolift vaginal mesh patch manufactured by Ethicon. Defendants Heartland Women's Healthcare, Ltd., Dr. Elisabeth G. Beyer-Nolen and Marion Hospital Corporation d/b/a Heartland Regional Medical Center were involved in implanting the Gynecare Prolift patch. Wall claims she was injured as a result of her use of the Gynecare Prolift patch.

In April 2010, the plaintiff brought a lawsuit in the Circuit Court for the First Judicial Circuit in Williamson County, Illinois, seeking to recover from Ethicon on a variety of theories. Ethicon removed the case to federal court relying on the Court's original diversity jurisdiction, *see* 28 U.S.C. § 1332(a). Wall was a citizen of Illinois, and Ethicon was a citizen of New Jersey,

so complete diversity existed.  In addition, Wall clearly claimed more than $75,000, exclusive of interest and costs.  Thus, the Court had original diversity jurisdiction over this case.

The current jurisdictional controversy arose when Wall sought and was granted leave to amend her complaint to add Heartland Women's Healthcare, Dr. Beyer-Nolen and Heartland Regional Medical Center, all of which are citizens of Illinois.  Because Wall and the newly added defendants were all citizens of Illinois, the amendment destroys diversity jurisdiction.  Accordingly, Wall filed a motion to remand this case to state court pursuant to 28 U.S.C. § 1447(e) because the plaintiff is no longer completely diverse from the defendants.

In a case removed under 28 U.S.C. § 1441(a) that relies on original diversity jurisdiction under 28 U.S.C. § 1332(a), the Court must remand the case pursuant to 28 U.S.C. § 1447(e) when a plaintiff is permitted to amend his pleading to join a nondiverse defendant.  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).  Joinder of the nondiverse defendant destroys the complete diversity required by 28 U.S.C. § 1332(a) and divests the Court of subject matter jurisdiction.  *Id.*

Because Wall has joined nondiverse defendants in this case, the Court no longer has subject matter jurisdiction. Accordingly, the Court **GRANTS** Wall's motion to remand (Doc. 30) and **REMANDS** this case to the Circuit Court for the First Judicial Circuit, Williamson County, Illinois.

**IT IS SO ORDERED.**
**DATED:  September 9, 2010**

                                              s/ J. Phil Gilbert
                                              **District Judge**